Read, Judge.
This ease presents a simple question of variance.
The declaration in assumpsit contains four special counts, upon, breaches of warranty upon the sale of French Buhr Millstones, and the usual common count. The common counts will * not be con- [34 sidered, as the record discloses nothing which would authorize a recovery under either of them.
The paper which was offered in evidence, and rejected by the court, as inadmissible under any count in the declaration, reads as follows :
“ Willow Grove Mills, Belmont Co., O., Oct. 5, 1837.
“ Received of James McMillan the sum of one hundred dollars, in part p y for a pair of French Buhr Millstones, four feet diameter,, made by W, W. Wallace, of.the city of Pittsburg, Pennsylvania; warranted good, both in quality and workmanship, for the sum of $180, the balance payable in one year from date, and exclusive of irons, received by me. Thomas C. Theaker.”
The first count in the declaration avers, that one hundred and eighty dollars, the price of the article purchased, which constitued *35 the consideration of the warranty, was paid at the time of making the warranty.
The paper offered to be introduced under this count shows that only $100 was paid at the time the warranty was made, the balance to be paid in one year from date. The paper offered in evidence was different from tbat counted upon, and was, therefore, under that count, properly rejected.
The second, third and fourth counts, which are alike, except in the assignment of breaches, only aver a sale of the millstones at a certain price, without describing it specially as the consideration for the warranty. Under these counts, the paper rejected should have been admitted in evidence.
The distinction is this : in a count upon a warranty, a valid sale must be averred as the consideration of the promise of warranty. To aver that the sale, which was the consideration for the promise of warranty, was for a certain price, without specifying it, is sufficient, because this shows that the sale was for consideration, and valid. But if the pleader attempts to set out and describe, particularly, the consideration of the sale, and introduces a written contract of sale, containing a different consideration, it must be rejected, upon the ground 35] * that the declaration shows a contract of sale, constituting the consideration for the warranty, different from the contract of sale offered in proof. But if the pleader simply avers a valid sale, counting upon it as the consideration of the promise of warranty, he may introduce in evidence any written contract which would go to establish the sale and warranty in respect of the thing sold.
Judgment reversed, and cause remanded.